# UNPUBLISHED

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

———————————

**No. 19-2034**

———————————

EDGAR NATANAEL CHICAS-HERNANDEZ,

Petitioner,

v.

WILLIAM P. BARR, Attorney General,

Respondent.

———————————

On Petition for Review of an Order of the Board of Immigration Appeals.

———————————

Submitted: March 18, 2020                    Decided: March 23, 2020

———————————

Before WYNN and THACKER, Circuit Judges, and SHEDD, Senior Circuit Judge.

———————————

Petition denied by unpublished per curiam opinion.

———————————

Edgar Natanael Chicas-Hernandez, Petitioner Pro Se. Elizabeth Robyn Chapman, Office of Immigration Litigation, Civil Division, UNITED STATES DEPARTMENT OF JUSTICE, Washington, D.C., for Respondent.

———————————

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Edgar Natanael Chicas-Hernandez, a native and citizen of El Salvador, petitions for review of an order of the Board of Immigration Appeals (Board) dismissing his appeal from the immigration judge's denial of his requests for asylum, withholding of removal, and protection under the Convention Against Torture (CAT). We grant leave to proceed in forma pauperis. For the reasons set forth below, we deny the petition for review.

The Immigration and Nationality Act (INA) authorizes the Attorney General to confer asylum on any refugee. 8 U.S.C. § 1158(a) (2018). The INA defines a refugee as a person unwilling or unable to return to his native country "because of persecution or a well-founded fear of persecution on account of race, religion, nationality, membership in a particular social group, or political opinion." 8 U.S.C. § 1101(a)(42)(A) (2018). "Persecution involves the infliction or threat of death, torture, or injury to one's person or freedom, on account of one of the enumerated grounds . . . ." *Qiao Hua Li v. Gonzales*, 405 F.3d 171, 177 (4th Cir. 2005) (internal quotation marks omitted).

The agency concluded that Chicas-Hernandez established that he had been subjected to past persecution in El Salvador. It nonetheless denied relief on the ground that Chicas-Hernandez failed to establish a nexus between this past persecution or any feared future persecution and a statutorily protected ground. Because Chicas-Hernandez does not challenge this dispositive finding on appeal, he has forfeited appellate review of his applications for asylum and withholding of removal. *See* 4th Cir. Rule 34(b) (limiting review to issues raised in pro se litigant's informal brief); *Jackson v. Lightsey*, 775 F.3d

170, 177 (4th Cir. 2014) (stating, "[t]he informal brief is an important document; under Fourth Circuit rules, our review is limited to issues preserved in that brief.").

In his informal brief, Chicas-Hernandez challenges the agency's denial of his request for CAT relief. To qualify for protection under the CAT, a petitioner bears the burden of proof of showing "it is more likely than not that he or she would be tortured if removed to the proposed country of removal." 8 C.F.R. § 1208.16(c)(2) (2019).  To state a prima facie case for relief, a petitioner must show that he or she will be subject to "severe pain or suffering, whether physical or mental . . . inflicted by or at the instigation of or with the consent or acquiescence of a public official or other person acting in an official capacity." 8 C.F.R. § 1208.18(a)(1) (2019); *see Saintha v. Mukasey*, 516 F.3d 243, 246 & n.2 (4th Cir. 2008). The applicant need not prove the torture would be inflicted on account of a protected ground. *Dankam v. Gonzales*, 495 F.3d 113, 115 (4th Cir. 2007). We review for substantial evidence the denial of CAT relief. *Id.* at 124. The Board's legal determinations are subject to de novo review. *See Turkson v. Holder*, 667 F.3d 523, 527 (4th Cir. 2012).

In considering Chicas-Hernandez's challenges to the denial of CAT relief, we have thoroughly reviewed the record, including the transcript of his merits hearing and all supporting evidence. We conclude the record evidence does not compel a ruling contrary to any of the agency's factual findings, *see* 8 U.S.C. § 1252(b)(4)(B) (2018), and that substantial evidence supports the Board's decision, *see Dankam*, 495 F.3d at 124. Accordingly, we uphold the denial of protection under the CAT for the reasons stated by the Board. *In re Chicas-Hernandez*, (B.I.A. Sept. 3, 2019).

We therefore deny the petition for review.  We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*PETITION DENIED*